# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUNICE HUSBAND,**

    Petitioner,

v.                                                  Civil action no. 1:12cv96
                                                     Criminal action no. 1:08cr16
                                                     (Judge Keeley)

**UNITED STATES OF AMERICA,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 11, 2012, the *pro se* petitioner, an inmate now incarcerated at USP McCreary in Pine Knot, Kentucky, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (Dkt.# 142) by a Person in Federal Custody, in which he alleges ineffective assistance of counsel. The Government was directed to respond by Order entered June 12, 2012. On June 14, 2012, the Government filed a Motion to Dismiss (Dkt.# 145), which it moved to withdraw the following day. (Dkt.# 146). The motion to withdraw the motion to dismiss was granted by Order entered June 15, 2012. (Dkt.# 148). The Government filed its Opposition to Motion for Relief under Section 2255 on July 5, 2012. (Dkt.# 151). The petitioner did not file a reply.

This matter, which is pending before me for review, report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On September 3, 2008, after a two-day trial, the petitioner was convicted of Count One and Two of a two-count Indictment, charging him with possession of a prohibited object

1

designed and intended to be used as a weapon,[1] in violation of Title 18, United State Code, §§ 1791(a)(2) and (b)(3), and possession with the intent to distribute a controlled substance, marijuana, in violation of Title 21, United State Code, §§ 841(a)(1) and (b)(1)(D). On February 9, 2009, petitioner filed a *pro se* Rule 29 motion for reconsideration to vacate, set aside verdict, and enter a judgment of acquittal.[2] On March 24, 2009, after ruling on the petitioner's motion to set aside the verdict and several other motions,[3] the Court sentenced the petitioner to 60 months imprisonment on Count 1 and 120 months on Count 2, to run concurrently.

**B. Appeal**

On March 26, 2009, the petitioner, through appointed appellate counsel, filed a notice of appeal. Thereafter, appellate counsel filed an Anders[4] brief, questioning whether the evidence was sufficient to convict petitioner of possession with intent to distribute; whether petitioner received effective assistance of counsel; and whether his rights were violated because he did not timely receive a detention hearing. Petitioner then filed a "Traverse" brief, and a supplemental *pro se* brief, mainly dedicated to attacking the effectiveness of appellate counsel's assistance.

By unpublished *per curiam* decision dated July 22, 2010, the Fourth Circuit Court of Appeals affirmed the District Court's decision. Petitioner's petition for rehearing and rehearing *en banc* was denied on August 31, 2010. On July 11, 2011, some seven months and two and a half weeks later, petitioner filed a petition for writ of *certiorari*. *Certiorari* was denied on October 24, 2011.

---

[1] Petitioner was found in possession of a homemade knife and 35 small bags of marijuana while he was already incarcerated at USP Hazelton, serving a sentence for another conviction.

[2] Petitioner's Rule 29 motion raised many of the same issues petitioner later raised on appeal and some that he raised again in the instant motion.

[3] Petitioner also filed a motion to produce grand jury testimony and a motion to be moved to the Northern District of West Virginia.

[4] Anders v. California, 386 U.S. 738 (1967).

## C. Federal Habeas Corpus

### Petitioner's Contentions

The petitioner asserts that trial counsel was ineffective for:

1) failing to challenge the authenticity of fabricated/altered evidence used against him at trial;

2) conniving to sell him out, by arguing at trial that the marijuana petitioner possessed was for personal use, when petitioner denied possessing any marijuana at all;

3) not arguing that Count Two of the indictment was defective; and

4) appellate counsel was ineffective not vigorously representing him on appeal, because he merely filed an Anders brief, and did not raise as grounds the meritorious issue of Count Two's defectiveness, an issue petitioner wanted raised.

### Government's Response

Petitioner cannot show prejudice from the allegedly altered evidence, a homemade knife minus its previously-attached cord or lanyard. The prison guard testified at trial that the weapon was the same one he took from petitioner's person, minus a string on it that had been subsequently lost; petitioner also testified, admitting he had possessed a similar weapon but that his had a string on it. The Court concluded that any error regarding the introduction of the evidence was likely harmless. Without proof of prejudice, counsel's performance cannot be found ineffective.

Petitioner cannot meet his burden of proving trial counsel's performance deficient, or that counsel corruptly sold him out and connived to defeat him by conceding simple possession, because the evidence at trial that petitioner possessed 35 small packages of marijuana was compelling and the amount was too much for personal use. Regardless of whether counsel conceded simple possession, the jury would have found intent to distribute anyway, based on the

amount of marijuana. Counsel's decision to concede possession was a strategic decision and should be afforded deference.

Petitioner's claim that trial counsel was ineffective for not arguing that Count Two of the indictment was defective because it was charged under the incorrect venue statute fails. The Court may take judicial notice that USP Hazelton is in the Northern District; counsel is not required to make frivolous arguments.

Petitioner cannot prove appellate counsel ineffective for filing an incomplete <u>Anders</u> brief, because he cannot satisfy the prejudice prong of <u>Strickland</u>,[5] by showing that the results would have been different had counsel only raised a frivolous venue argument relative to Count Two of the Indictment.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[6]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[5] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

[6] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[7] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, supra at 511. Here, because the grounds raised by the petitioner in support of his motion to vacate are either procedurally barred, having already been raised on appeal, or are so clearly without merit, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to explain the timeliness of his petition.

In the instant case, the §2255 motion is clearly grossly untimely under subsection 1. When a prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). The Fourth Circuit entered its judgment on July 22, 2010. Petitioner sought rehearing and rehearing *en banc*, which was denied on August 31, 2010.

---

[7] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

5

The petitioner then had 90 days, or until November 29, 2010, to file a petition for writ of *certiorari.* The petitioner did not petition for writ of *certiorari* until July 8, 2011, the following year.[8] Thus, his conviction became final on November 29, 2010, and under AEDPA, he had until November 29, 2011, to file a §2255 motion. The petitioner did not file his petition until June 11, 2012, after the statute of limitations had expired. Thus, the petitioner's §2255 motion is untimely by over six and a half months under subsection 1.[9]

Because the petitioner does not even attempt to allege the Government created an impediment to his filing a timely §2255 motion[10] or that his motion is based on new facts, subsections 2 and 4 are not applicable to this case.

The Court further finds that subsection 3 does not apply, either. Petitioner is not asserting any right initially recognized by the Supreme Court has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. His petition merely re-raises frivolous arguments on previously available evidence, and arguments he has made unsuccessfully before, both at the trial court level and on appeal. Accordingly, his motion should be dismissed as untimely.

## V. <u>RECOMMENDATION</u>

The undersigned recommends that the petitioner's §2255 motion (Dkt.# 142) be **DENIED** and **DISMISSED with prejudice**.

---

[8] Petitioner cannot be unaware of the untimeliness of his petition for writ of *certiorari,* because, attached to his §2255 motion is a copy of a July 18, 2011 letter from the United States Supreme Court to him upon receipt of his petition for *certiorari,* advising him that "the petition . . . [you] sent July 8, 2011, was due November 29, 2010; therefore the petition was filed with a notation as to its untimeliness." (Dkt.# 142-7).

[9] A judgment of conviction does not become "final" within the meaning of §2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a ***timely filed*** petition for *certiorari*. <u>Kapral v. United States</u>, 166 F.3d 565, 570 (3rd Cir. 1999)(emphasis added). Here, although technically, the Supreme Court did not deny certiorari until October 4, 2011, petitioner's petition for writ of *certiorari* was not <u>timely</u> filed.

[10] On page 12 of petitioner's court-approved form §2255 petition, the section under ¶18, "Timeliness of Motion" where a movant is asked to explain why, if his judgment of conviction became final over one year earlier, the one-year statute of limitations contained in 28 U.S.C. §2255 does not bar his motion, has been left entirely blank.

**Within fourteen (14) days**, after being served with a copy of this Recommendation, or **by August 15, 2012**, any party may file written objections with the Clerk of the Court identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket, and to transmit a copy electronically to counsel of record.

Dated: August 1, 2012

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE